IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOHN YODER and CLAIRE YODER** | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | C.A. NO. _____ |
| VS. | § | |
| | § | |
| **CLEVELAND STEEL CONTAINER CORPORATION; SOONER CONTAINER, INC. and CRISTIAN MANUEL ESCOBEDO** | § § § § | **JURY DEMANDED** |
| *Defendants* | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COME NOW JOHN YODER and CLAIRE YODER, hereby becoming Plaintiffs in the above-entitled and numbered cause, complaining of CLEVELAND STEEL CONTAINER CORPORATION, SOONER CONTAINER, INC. and CRISTIAN MANUEL ESCOBEDO, Defendants, and for cause of action would respectfully show the Court the following:

**PARTIES**

1. Plaintiff JOHN YODER is an individual residing in Spalding County, Georgia. Plaintiff JOHN YODER is domiciled in Georgia and is a citizen of Georgia for diversity of citizenship purposes.

2. Plaintiff CLAIRE YODER is an individual residing in Spalding County, Georgia. Plaintiff CLAIRE YODER is domiciled in Georgia and is a citizen of Georgia for diversity of citizenship purposes.

3. Defendant CLEVELAND STEEL CONTAINER CORPORATION ("CLEVELAND") is an Ohio corporation with its principal place of business in Ohio. Therefore, CLEVELAND is a citizen of Ohio for diversity of citizenship purposes.

4. Defendant SOONER CONTAINER, INC. ("SOONER") is an Ohio corporation with its principal place of business in Ohio. Therefore, CLEVELAND is a citizen of Ohio for diversity of citizenship purposes.

5. Defendant CRISTIAN MANUEL ESCOBEDO ("ESCOBEDO") is an individual residing in Madison County, Texas. Defendant "ESCOBEDO" is domiciled in Texas and is a citizen of Texas for diversity of citizenship purposes.

## JURISDICTION

6. This Court has jurisdiction over this lawsuit because this lawsuit arises under 28 U.S.C. § 1332 (a)(2): Plaintiffs are citizens of the State of Georgia and Defendants are citizens of Ohio and Texas. The amount in controversy in this case exceeds $75,000.

## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Plaintiff JOHN YODER was severely and permanently injured by the negligence of Defendants in Montgomery County, Texas.

## BACKGROUND FACTS

8. On or about December 5, 2022, Plaintiff JOHN YODER, a commercial truck driver, delivered a load of goods to Defendants CLEVELAND and/or SOONER at their property located at 3375 Pollok Drive, Conroe, Texas. While Plaintiff JOHN YODER was standing outside his tractor-trailer, Defendant ESCOBEDO, who was in the course and scope of his employment with Defendants CLEVELAND and/or SOONER, drove a fully loaded forklift into Plaintiff JOHN YODER and severely and permanently injured him.

## RESPONDEAT SUPERIOR

9. At all times material hereto, Defendant ESCOBEDO was in the course and scope of his employment with Defendants CLEVELAND and/or SOONER. Defendants CLEVELAND and/or SOONER are therefore vicariously liable for the negligence of Defendant ESCOBEDO pursuant to the doctrine of *respondeat superior.*

## NEGLIGENCE

10. On the occasion in question, Defendant ESCOBEDO was negligent in one or more of the following respects:

   a) failing to keep a proper lookout;

   b) failing to brake to avoid the collision;

   c) failing to apply his brakes in a timely manner;

   d) driving at a rate of speed in excess of the speed that a reasonably prudent person in the same or similar circumstances would have driven;

   e) failing to control his speed;

   f) failing to steer to avoid the collision

   g) stacking the containers on the forklift so high that Defendant ESCOBEDO could not see what was in front of him;

   h) stacking the containers on the forklift so high that Defendant ESCOBEDO's vision was blocked and/or partially blocked;

Each of the foregoing acts, alone or in combination with the others, constitutes negligence and a violation of Defendants' duty of care to Plaintiff JOHN YODER, which proximately caused the occurrence in question, and Plaintiffs' damages.

## ACTUAL DAMAGES

11. As a proximate result of the negligence Defendants, Plaintiff JOHN YODER was severely

and permanently injured. Further, to the extent, if any, that Plaintiff JOHN YODER suffered from any pre-existing condition, if any, the incident made the basis of this lawsuit aggravated the pre-existing condition to the point that it became symptomatic or more symptomatic than it was before the incident. The negligence of Defendants has proximately caused Plaintiff JOHN YODER to suffer the following elements of damages in the past and Plaintiff will, in all reasonable probability, continue to suffer such elements of damage in the future:

1) physical and mental pain and anguish;

2) loss of wage earning capacity;

3) physical impairment;

4) disfigurement; and

5) medical expenses.

## LOSS OF CONSORTIUM

12. The injuries to Plaintiff JOHN YODER were so severe and permanent that Plaintiff CLAIRE YODER is entitled to recover for loss of household services and for loss of consortium in the past and in the future, for which she now sues. "Household services" means the performance of household and domestic duties by a spouse to the marriage. "Consortium" means the mutual right of the husband and wife to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity necessary to a successful marriage.

## JURY DEMAND

13. Plaintiffs hereby demand trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer herein and that on final trial Plaintiffs have judgment against Defendants, jointly and severally, for:

1) damages far in excess of $75,000 to be determined by the jury in its sole discretion;
2) pre-judgment interest at the highest rate allowed by law;
3) post-judgment interest at the highest rate allowed by law;
4) costs of Court; and
5) such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE NIELSEN LAW FIRM, P.C**.

BY: */s/ Eric D. Nielsen*
ERIC D. NIELSEN
TBA#: 15021625
Fed. ID: 806
9800 NORTHWEST FRWY, SUITE 314
HOUSTON, TEXAS  77092
TEL:   (713) 524-4800
FAX:  (888) 587-9443
service@nielsentriallaw.com

**ATTORNEY IN-CHARGE FOR PLAINTIFFS**