IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOHN YODER and CLAIRE YODER,** | § § § | |
| *Plaintiffs* | § § | |
| v. | § § | CIVIL ACTION No. 4:23-cv-0083 |
| **CLEVELAND STEEL CONTAINER CORPORATION SOONER CONTAINER, INC. and CRISTIAN MANUEL ESCOBEDO,** | § § § § § § | |
| *Defendants* | § | |

**PLAINTIFFS' MOTION IN LIMINE**

NOW COME JOHN YODER and CLAIRE YODER, Plaintiffs in the above-entitled and numbered cause, and prior to voir dire examination of the Jury Panel, files and makes this Motion in Limine, and requests the Court to instruct counsel for Defendants and Defendants' witnesses not to bring before the Jury in any form at any time, without first allowing the Court to consider the admissibility of such matter outside the presence of the Jury, the following matters:

**1.     Liability or Non-Liability for Judgment.** That the named Defendants may or may not have to pay any resulting judgment.

GRANTED: _____          DENIED: _____

**2.     Collateral Source.** That any portion of the damages sought by Plaintiffs have been, or will be paid by any collateral source, including but not limited to:

   a)   health and accident or disability insurance;
   b)   any employee benefit plan, formal or informal, including payment of wages for time not actually worked;
   c)   social security or welfare;
   d)   veterans or other benefits;
   e)   provisions of medical services free of charge or for less than reasonable and customary charges.

GRANTED: _____          DENIED: _____

**3.** **Retention of Attorney.** The time or circumstances under which Plaintiffs consulted or retained an attorney.

GRANTED: _____    DENIED: _____

**4.** **Attorneys' Fees.** That any party will have to pay attorneys' fees, or any reference to the amount or basis of any attorneys' fees, unless a claim for recovery of attorneys' fees in the case will be submitted to the jury.

GRANTED: _____    DENIED: _____

**5.** **Criminal Offenses.** That Plaintiffs or any witness has been suspected of, arrested for, charged with or convicted of any criminal offense unless there is evidence of a specific conviction that the Court has previously ruled is admissible in the case.

GRANTED: _____    DENIED: _____

**6.** **Alcohol or Drug Use.** That Plaintiffs or any witness uses or abuses alcohol, tobacco, or any controlled substance, unless and until such alleged use or abuse is shown to be specifically relevant to the matters in controversy.

GRANTED: _____    DENIED: _____

**7.** **Settlement Negotiations or Mediation.** Any negotiations, offers or demands with respect to any attempted settlement or mediation.

GRANTED: _____    DENIED: _____

**8.** **Discovery Disputes.** Any reference to discovery disputes that arose during the preparation of the case for trial, any position taken by Plaintiffs with respect thereto, or to the Court's rulings thereon.

GRANTED: _____    DENIED: _____

**9.** **Prior or Subsequent Suits or Claims.** Any evidence whatsoever relating to prior or subsequent claims, suits, settlements, and payments arising out of any previous or subsequent injuries, unless and until competent medical testimony establishes that, in reasonable medical probability, any alleged prior or subsequent injuries proximately caused any injuries claimed by Plaintiffs in this lawsuit.

GRANTED: _____    DENIED: _____

**10.** **Testimony of Absent Witness.** Any statement or suggestion as to the probable testimony of any witness or alleged witness who is not under the control of Plaintiffs and who is unavailable to testify, or whom Defendants does not, in good faith, expect to testify in the trial live or by deposition.

GRANTED: _____            DENIED: _____

**11.     Failure to Call Witness.** Any reference to the failure of Plaintiffs to call any witness unless such witness is under Plaintiffs' control.

GRANTED: _____            DENIED: _____

**12.     Photographs and Visual Aids.** Showing any documents, photographs or visual aids to the jury, or displaying same in such manner that the jury or any member thereof can see the same, unless and until the same has been tendered to Plaintiffs' counsel, and has been admitted in evidence or approved for admission or use before the jury, either by the Court or by all counsel.

GRANTED: _____            DENIED: _____

**13.     Requests for Stipulations.** Any request or demand in the presence of the jury for a stipulation to any fact, or that counsel admit or deny any fact.

GRANTED: _____            DENIED: _____

**14.     Requests for Files.** Any request or demand in the presence of the jury that Plaintiffs' counsel produce any document or thing, or that Plaintiffs' counsel or any party or witness exhibit, turn over or allow examination of the contents of any file or briefcase.

GRANTED: _____            DENIED: _____

**15.     Social Cost of Award.** Any argument or suggestion that an award of damages will affect insurance premiums, the price of any goods or services, or the level of taxation.

GRANTED: _____            DENIED: _____

**16.     Hardship.** Any argument or suggestion that the verdict will cause financial hardship to Defendants as such argument opens the door to evidence of Defendants' insurance coverage.

GRANTED: _____            DENIED: _____

**17.     Golden Rule.** Any argument or suggestion that the jurors should put themselves in the position of Defendants.

GRANTED: _____            DENIED: _____

**18.     Counsel's Opinion of Credibility.** Any expression of Defense counsel's personal opinion regarding the credibility of any witness.

GRANTED: _____            DENIED: _____

**19.    Effect of Answers to Jury Questions.** Any argument that any finding or failure to find in response to a particular jury question will, or will not result in a judgment favorable to any party.

GRANTED: _____        DENIED: _____

**20.    Evidence Not Produced in Discovery Response to a Proper Request.** Calling any witness, or offering any document in evidence, if the identity of such witness or the document has not been disclosed in response to a proper discovery request. If Defendants have a good faith basis to urge that such witness or document should be received either because (a) no discovery request properly called for its disclosure, or (b) good cause existed for failure timely to disclose, Defendants shall first approach the bench and secure a ruling thereon.

GRANTED: _____        DENIED: _____

**21.    Objections to Evidence Not Produced in Discovery.** Any objection based on failure to disclose evidence in pre-trial discovery. If Defendants desires to urge any such objection Defendants shall request to approach the bench and urge such objection outside the hearing of the jury.

GRANTED: _____        DENIED: _____

**22.    Lack of Proper Predicate.** Any offer or attempt to offer any statements or reports from witnesses in evidence without the proper predicate.

GRANTED: _____        DENIED: _____

**23.    Income tax.** Any statement that any recovery by Plaintiffs either would or would not be subject to federal income taxation or other forms of taxation.

GRANTED: _____        DENIED: _____

**24.**    Any statement that Plaintiff or Plaintiff's spouse has settled a prior case and the amount thereof.

GRANTED: _____        DENIED: _____

**25.**    Any statement that Plaintiff or Plaintiff's spouse has settled a subsequent case and the amount thereof.

GRANTED: _____        DENIED: _____

**26.**    Any statement that this Motion in Limine has been filed or any ruling by the Court has been obtained in response to it.

GRANTED: _____        DENIED: _____

**27.** Any statement that Plaintiffs had been involved in any other accidents, or that Plaintiffs had suffered any unrelated injury or illness or the effect thereof.

GRANTED: _____        DENIED: _____

**28.** Any statement that Plaintiffs have been married on more than one occasion, or any reference to previous marital difficulties, controversies relating to child custody or contribution, or marital claims, suits, or actions.

GRANTED: _____        DENIED: _____

**29.** Counsel for Defendants should be required to produce the names of its witnesses, prior to voir dire examination, so that a reasonable inquiry may be made of the Jury concerning their relationship with any of the prospective witnesses.

GRANTED: _____        DENIED: _____

**30.** All witnesses should be placed under the Rule as soon as this case commences to trial and they should be specifically instructed not to co-mingle with the Jury or other witnesses, in addition to the ordinary instructions given to witnesses under Rule 267, of the Texas Rules of Civil Procedure, and further, the witnesses should be instructed that once they have testified they are still under the Rule and they shall not, in any way, communicate with or co-mingle with the Jury and they are under the Rule until this case is finally closed and the Jury discharged.

GRANTED: _____        DENIED: _____

**31.** The contents of any pleadings which have been superseded by the current pleadings on file in this case.

GRANTED: _____        DENIED: _____

**32.** Any witness and/or witnesses' testimony, including expert witnesses, not properly designated or listed pursuant to discovery including, but not limited to, interrogatories, request for production, requests for disclosure and depositions.

GRANTED: _____        DENIED: _____

Dated: January 12, 2024                Respectfully submitted,

**THE NIELSEN LAW FIRM, P.C.**

BY:         */s/ Eric D. Nielsen*
Eric D. Nielsen
Texas Bar No. 15021625
SDTX Bar No. 806
eric@nielsentrillaw.com
9800 Northwest Freeway, Suite 314
Houston, Texas 77092
T: (713) 524-4800
F: (888) 587-9443
service@nielsentriallaw.com

***Counsel for Plaintiffs***
***John Yoder and Claire Yoder***

### CERTIFICATE OF SERVICE

I hereby certify that on the date below, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2)(E) and this Court's Local Rule CV-5(a) and (e), a true and correct copy of the foregoing has been filed with the Clerk of this Court via this Court's CM/ECF system, which, pursuant to this Court's Local Rule CV-5(a)(3), will serve a NEF via electronic mail upon all parties and their respective counsel of record who are deemed to have consented to electronic service, and that, pursuant to same, any other counsel of record and/or party have be served with a true and correct copy of the foregoing by electronic mail, this Court's CM/ECF system, U.S mail, first class mail, and/or facsimile transmission on this same date.

January 12, 2024                                            */s/ Eric D. Nielsen*
                                                                      Eric D. Nielsen