# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| **JOHN YODER and CLAIRE YODER** § | | |
|    **Plaintiffs** § | | |
| § | | |
| **vs.** § | **CIVIL ACTION NO. 4:23-CV-0083** | |
| § | | |
| **CLEVELAND STEEL CONTAINER** § | | |
| **CORPORATION; SOONER** § | **JURY DEMANDED** | |
| **CONTAINER, INC. and CRISTIAN** § | | |
| **MANUEL ESCOBEDO** | | |
|    **Defendants** | | |

## DEFENDANTS' MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Cleveland Steel Container Corporation, Sooner Container, Inc., and Cristian Manuel Escobedo, the Defendants in the above-entitled and numbered cause, and respectfully file their Motion in Limine as follows:

### I.

This Motion is filed before commencement of the voir dire examination of the jury panel and within the time required by the local rules of Court.

### II.

The Defendants moves the Court to enter an order prohibiting the Plaintiffs, their counsel, and all of their witnesses, from making any mention or interrogation, directly or indirectly, in any manner, whatsoever, of any of the matters set forth below, without first approaching the bench, outside the presence and hearing of the jurors, and obtaining a ruling by the Court on the admissibility of such matters.

### III.

The Defendants request that the Court exclude the following matters:

1. The Defendants move the Court to instruct the Plaintiffs, the Plaintiffs' counsel, and the Plaintiffs' witnesses to refrain from mentioning or divulging, directly or indirectly, the fact that the Defendants are covered by some form of liability insurance with respect to this lawsuit in question, for the reason that such fact is entirely immaterial to any issue in this cause and any mention or inference thereof, directly or indirectly, would be extremely harmful and prejudicial to Defendants.  Further, Plaintiffs' counsel should be instructed that at no time may counsel ever allude to whether or not the Defendants possessed insurance of any nature covering the occurrence in question, including but not limited to, use of the words "adjuster," "claim agent" or "claim" in any form.

   SUSTAINED _____
   OVERRULED_____
   MODIFIED_____

2. The Defendants further specifically move the Court to instruct Plaintiffs' counsel to refrain during voir dire examination from inquiring of any juror as to any connection with the insurance industry, and in this connection would point out to the Court that if Plaintiffs' counsel is sincerely interested in determining whether or not there is any such connection for purposes of exercising their strikes, they can do it by asking each individual juror his/her occupation and past occupations, and that of those of his/her household, which will provide the relevant information and at the same time avoid harming the Defendants by interjecting insurance into the case.

   SUSTAINED _____
   OVERRULED_____
   MODIFIED_____

3. The Defendants further specifically move the Court to instruct the Plaintiffs' counsel to refrain from interrogating the jury panel as to whether they would answer an issue on damages in accordance with the evidence, regardless of who pays the damages or when they will be paid, or whether they will ever be paid, or any similar version of such inquiry, for the reason that same improperly injects the implication of insurance into the suit, and further moves the Court to instruct the Plaintiffs' counsel not to make any such reference in jury argument of similar import.

   SUSTAINED _____
   OVERRULED_____
   MODIFIED_____

4. Make any reference to or statement, either directly or indirectly, that any offer of settlement was made by representatives of the Defendants or that any compromise settlement negotiations were conducted between the parties prior to the filing of this lawsuit or after such lawsuit was filed.  Federal Rules of Evidence.

**DEFENDANTS' MOTION IN LIMINE (#5390187/ 1721-101896)**                                                                 **Page 2**

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

5. Make any reference to the Court's rulings on any of the pretrial motions or matters previously filed herein, including any reference to the fact that this motion was filed with the Court.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

6. Make any statement or propound any question relating to the failure of the Defendants to call any witness during the trial of this cause, unless it is shown that said witness was within the control of the Defendants and were not equally available to all parties.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

7. Inquiring of Defendants' counsel the names of witnesses that the Defendants may or may not call in that such could have been obtained through the discovery process and at this point, it is a matter of trial strategy on the part of the Defendants to which the Plaintiffs are not entitled. The Defendants cannot know for sure whom they will or will not call until they have heard the Plaintiffs' case. To allow such improper conduct can make it appear that the Defendants have something to hide which would unduly prejudice the jury by injecting a matter before them, which they will not be called to pass upon thereby denying the Defendants to a fair and impartial trial.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

8. Offer or attempt to offer any statements or reports from witnesses into evidence, without proper predicate.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

9. Make any statement that out of any recovery, the Plaintiffs are to pay their attorney.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

10. That, should the Plaintiffs wish to introduce any photographs, motion picture films, or videotapes into evidence, same be tendered to the Court and opposing counsel outside the presence of the jury and shown or exhibited to determine their relevance and suitability for introduction into evidence.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

11. The Defendants request that the Court deny any offer or attempt to offer testimony from any experts or fact witnesses not timely designated pursuant to the last valid Agreed Scheduling Order, including any report, finding, opinion, diagnosis, or prognosis of any expert, or the text of any expert testimony, or any opinion of any expert witness unless such expert has been properly and timely designated by the Plaintiffs and the Plaintiffs has disclosed the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by the Plaintiffs or otherwise subject to the control of the Plaintiffs, documents reflecting such information as required by the Federal Rules of Civil Procedure.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

12. The Defendants further request that this Court exclude any report, finding, opinion, diagnosis, or prognosis of any physician or other medical expert, or the text of any expert testimony, or any opinion of any expert witness unless such expert is called as a witness to testify in this case or unless it is shown that same were properly proven up by deposition and sworn testimony with the opportunity for the Defendants to cross examine with regard to such items, or by affidavit properly filed among the papers in this cause pursuant to the Federal Rules of Evidence.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

13. The Defendants request that the Court instruct Plaintiffs, their counsel and their witnesses not to refer to or discuss in any way any reference to the financial condition or wealth of the Defendants or ability of the Defendants to pay any judgment herein.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

14. The Defendants request that the Court instruct Plaintiffs, their counsel and their witnesses not to refer to or discuss in any way or to make any statements or suggestions that the Plaintiffs are in great financial hardship.

SUSTAINED _____
OVERRULED_____
MODIFIED_____

15. The Defendants request that the Court instruct the Plaintiffs not to reference or introduce evidence of documents, exhibits or materials, which were not produced to Defendants in response to a valid Request for Production.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

16. The Defendants request that the Court instruct the Plaintiffs not to reference facts that there will probably be testimony as to certain facts by witnesses who later are not called to testify at trial.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

17. The Defendants request that the Court instruct the Plaintiffs not to reference the existence or content of any report, which has not been properly admitted into evidence.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

18. The Defendants request that the Court instruct the Plaintiffs not to reference or introduce into evidence of "out-of-pocket expenses" incurred by the Plaintiffs relating to this cause.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

19. The Defendants request that the Court instruct the Plaintiffs not to reference any medical or business records that have not been duly and properly proved up, authenticated, or filed and served pursuant to the Federal Rules of Civil Evidence unless and until such record is introduced and admitted into evidence in this lawsuit.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

20. The Defendants requests that the Court instruct the Plaintiffs not to make any reference to or attempted introduction into evidence of any medical record bill, medical record, or

  billing affidavit, which has not been properly authenticated per the Federal Rules of Evidence.

  SUSTAINED _____
  OVERRULED_____
  MODIFIED_____

21. The Defendants request that the Court instruct the Plaintiffs not to make any comment by the Plaintiffs' attorney that informs the jury of the effect of its answers to the questions in the charge.

  SUSTAINED _____
  OVERRULED_____
  MODIFIED_____

22. The Defendants request that the Court instruct the Plaintiffs not to make any mention or allegation or introduction of evidence regarding any form or element of damages not specifically included in the Plaintiffs' live pleadings.

  SUSTAINED _____
  OVERRULED_____
  MODIFIED_____

23. The Defendants request that the Court instruct the Plaintiffs not to engage in any questioning of prospective jurors during voir dire attempting to commit them to award a specific amount of damages "if the evidence supported or justified it" should not be allowed. Typically, the questions are propounded in the form "Do you have a bias or prejudice" against awarding ten million dollars in mental anguish damages if the evidence supported such an award?" This type of questioning is improper. The general rule is that it is improper to ask prospective jurors what their verdict would be if certain facts were proved. Excluding jurors for cause based upon the weight they may or may not give specific evidence, infringes upon the right to trial by a fair and impartial jury. *Id.* Questions which "pre-test" the opinions of jurors about relevant evidence. *See id* at 751 ("...this Court has refused to hold the statements that reflect a juror's judgment about the facts of a case as presented, rather than an external unfair bias or prejudice, amount to a disqualifying bias"). It is improper for an attorney to summarize the evidence during voir dire and then inquire of the jurors whether either party was "starting out ahead." ("To require him to say that he will or will not let a given material fact influence him in reaching a conclusion, if chosen, is simply to commit him to or against that material fact in advance."); ("It is improper to inquire how a venireman would respond to particular circumstances as presented in a hypothetical question"). Such questions improperly require the prospective jurors to arrive at opinions or conclusions without first hearing any evidence and do not form a proper basis for the exclusion of potential jurors on a challenge for cause. The only proper question to venire persons at this time is whether they could award as little or as much in damages in this case as the evidence might show. Counsel should be limited to asking prospective

panelists merely if they have a bias or prejudice against awarding mental anguish damages irrespective of the evidence and the Court's instructions.

SUSTAINED _____
OVERRULED_____
MODIFIED_____

24. Any discovery responses, documents or evidence requested by the Defendants during the course of written discovery in this case that the Plaintiffs did not timely produce to the Defendants.

SUSTAINED _____
OVERRULED_____
MODIFIED_____

25. Any testimony or argument suggesting that the Defendants asserted claims of privilege during discovery.

SUSTAINED _____
OVERRULED_____
MODIFIED_____

26. Any comment, statement or reference that the Defendants' counsel specializes in the defense of insurance cases, large companies, or personal injury litigation or represents insurance companies.

SUSTAINED _____
OVERRULED_____
MODIFIED_____

27. Any attempt to introduce any evidence of any economic damages, which may be claimed by the Plaintiffs other than those identified and for which a specific calculation was provided in the Plaintiffs' response to the applicable written discovery request.

SUSTAINED _____
OVERRULED_____
MODIFIED_____

28. Any discussion, testimony, evidence or reference to any other incidents, accidents, instances, allegations, citations or violations regarding the Defendants as such evidence is irrelevant and would solely be used for unfair prejudice.

SUSTAINED _____
OVERRULED_____
MODIFIED_____

29. Offer or attempt to offer testimony from any experts or witnesses not disclosed in accordance with the Federal Rules of Civil Procedure.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

30. Any reference, statement or testimony regarding the global charges for the Plaintiffs' medical treatment. The Defendants would show that the Plaintiffs' recovery for medical expenses should be limited to those actually incurred or paid by the Plaintiffs or on the Plaintiffs' behalf.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

31. Any discussion of liability facts as Defendants stipulates to negligence.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

32. Any discussion of Plaintiff John Yoder's cancer condition as there is no evidence the cancer was caused by the accident.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

33. Any mention of Defendants being grossly negligent as plaintiff did not plead gross negligence.

    SUSTAINED _____
    OVERRULED_____
    MODIFIED_____

       Respectfully submitted,

       WALTERS, BALIDO & CRAIN, L.L.P.

       _____
       CARLOS A. BALIDO
       State Bar No. 01631230
       10440 North Central Expressway
       Meadow Park Tower, Suite 1500
       Dallas, TX 75231
       Tel: 214-749-4805
       Fax: 214-760-1670
       BalidoEDocsNotifications@wbclawfirm.com

       ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing document has been served on all parties of record, in compliance with Rule 21a of the Texas Rules of Civil Procedure on June 10, 2024.

_____
CARLOS A. BALIDO